UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES WOOD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CAUSE NO.  3:05-CV-0182 JM |
| | ) |
| GENE ISAACS, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

James Wood, a prisoner confined at the Cass County Jail ("CCJ"), submitted a complaint under 42 U.S.C. § 1983, alleging that Cass County Jail personnel violated his federally protected rights. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. § 1915A(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice

>   pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Wood brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Wood alleges that on one occasion, he was denied the right to send a letter to an individual who was on house arrest. On another occasion his mail was opened and copied. A third letter was received, but some of the articles that were included were missing. He alleges that mail is delivered in the middle of the night. Mr. Wood does not allege that any of the mail was legal mail.

Mr. Wood alleges he was not allowed to send a letter because the recipient of the letter was on house arrest. Prison officials may ban inmate-to-inmate correspondence altogether.  *Turner v. Safley*, 482 U.S. 78, 91-93 (1987). The Supreme Court has recognized that "(p)rison walls do not form a barrier separating prison inmates from the protections of the constitution," *Turner v. Safley*, 482 U.S. 78, 84 (1987). Prisoners retain their First Amendment rights to communicate with family and friends, *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994), though prison officials may reasonably regulate correspondence to and from prisoners. *Thornburgh v. Abbott*, 490 U.S. 401 (1989). Correspondence by letter to an inmate is communication covered by the First

2

Amendment, and a "decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards." *Procunier v. Martinez*, 416 U.S. 396, 418 (1974). Regulations governing mail sent to prisoners are analyzed under the reasonableness standard, and prison regulations are valid if they are reasonably related to legitimate penological interests, such as security. *Thornburgh v. Abbott*, 490 U.S. 402 (1989). Mr. Wood does not allege, and based on this complaint it would not be reasonable to infer, that he was denied the minimum procedural safeguards. He filed several grievances regarding the letter, and was informed that he was not allowed to correspond with individuals who are on house arrest or home detention. This claim will be dismissed.

Mr. Wood alleges his mail was opened and tampered with. There is nothing wrong with opening an inmate's non-legal mail before it is given to him. There is no obligation to open non-legal mail in front of an inmate. *Compare Wolff v. McDonnell*, 418 U.S. 539 (1974) (Legal mail is held to a higher standard than other mail.) Mr. Wood does not allege, and based on his complaint it would not be reasonable to infer, that the mail in question was legal mail. This claim will be dismissed.

Mr. Wood alleges articles that were mailed to him were missing from the envelope. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981),

3

*Hudson v. Palmer*, 468 U.S. 517 (1984). Indiana's tort claims act (INDIANA CODE 34-13-3-1 *et seq*.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987); *Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 382 (7th Cir. 1988). Even the theft of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F2d 1019, 1022. This claim will be dismissed.

Mr. Wood has no right to have his mail personally delivered to him at a certain time of the day. Mr. Wood does not allege that his mail is not delivered, or even that it is delayed. Moreover, even giving Mr. Wood the benefit of the inferences to which he is entitled at the pleadings stage, a brief delay in delivering legal mail is *de minimus* and states no claim upon which relief can be granted pursuant to § 1983. *Owen v. Shuler*, 466 F.Supp. 5, 7 (N.D. Ind. 1977), *affirmed*, 594 F.2d 867 (7th Cir. 1979); *Fore v. Godwin*, 407 F.Supp. 1145, 1146 (E.D. Vir. 1976). See *also Procunier v. Martinez*, 416 U.S. 396. (So long as delay in delivery of prisoners' mail is not unreasonable, it does not reach Constitutional dimensions). This claim will be dismissed. For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1)**.**

                                          **SO ORDERED.**

**ENTER:** November 4, 2005

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT